KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 557-7084
Facsimile: (619) 557-7381
Email: alessandra.p.serano@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No.    07CR3220-IEG |
|---|---|---|
| Plaintiff, | ) | DATE:        January 14, 2008 |
| | ) | TIME:        2:00 p.m. |
| v. | ) | |
| JOSE VILLALOBOS, | ) | UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: |
| Defendant. | ) | |
| | ) | (1)    PRODUCE BRADY MATERIAL; |
| | ) | (2)    COMPEL DISCOVERY AND |
| | ) | (3)    GRANT LEAVE TO FILE FURTHER MOTIONS |
| | ) | TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES, STATEMENT OF FACTS AND MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Alessandra P. Serano, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant Jose Villalobos's ("Defendant") Motions and will ask this Court to issue an order denying the Defendant's Motions and granting the United States' Motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I

## STATEMENT OF FACTS

On October 31, 2007, at approximately 7:39 a.m., Defendant Jose Villalobos was the driver and sole occupant of a white 1999 Ford Windstar minivan registered in his name that entered the United States via the Calexico, West Port of Entry.  Customs and Border Protection Officer Villegas was performing primary inspections at vehicle lane #9 when he encountered the vehicle. Defendant stated he was a naturalized United States citizen, gave a negative custom's declaration, stated he owned the vehicle, and had recently purchased the vehicle a week prior.  He also stated he had visited his mother-in-law in Mexico and was headed to Calexico.  Officer Villegas referred the vehicle to secondary inspection for further inspection.

In secondary inspection, Defendant gave another negative custom's declaration and stated he owned the vehicle for a year and that he was headed to his house on Sergio Street in Calexico. A narcotic dog detector alerted to the vehicle.  Non-factory compartments were discovered in the tire well area and a false floor compartment was discovered.  The officer drilled a small hole in the floor and a white powdery substance was discovered.  21 packages wrapped in brown cellophane tape were discovered.  A field test revealed the substance to be cocaine.  The total weight of the packages was approximately 28.04 kilograms.  A registration form was discovered where it indicated that Defendant registered the vehicle in his name just 6 days prior.

Immigration and Customs Enforcement Agents Struckmeyer and Galvan advised the Defendant of his Miranda rights in Spanish, which he acknowledged and waived.  Defendant stated he lives in Pomona with his wife and daughter.  Approximately 3 months earlier, his friend, Jorge Garcia stopped by his house in Pomona to visit.  Defendant expressed his financial difficulties with Garcia.  Garcia then told Defendant about making some extra money by driving people to and from work across the border.

Defendant stated that on October 28, 2007, he went to Mexicali to meet a friend named "Beto" at a local park where he also encountered Jorge Garcia.  Garcia told him of a van he could

2                                    07CR3220-IEG

1 | purchase in Sonora, Mexico. Defendant said he traveled to Sonora, Mexico and purchased the van

2 | on October 25, 2007[1] from an unknown woman for $2000. The woman registered the van in

3 | California for an additional $300 because it was registered in Arizona. The woman said she would

4 | register it to a local address in the Valley area to make it easier for hm to cross the border. Upon

5 | further questioning, Defendant stated he actually purchased the vehicle on October 23, 2007 and

6 | the woman registered it on October 25, 2007 and that Garcia loaned him $1000 to purchase the

7 | vehicle.

8 | Defendant further explained that he and Garcia would cross each morning at 6:30 a.m.

9 | Garcia wanted to introduce him to people he would be transporting. Although they were going

10 | to the same places, they drove separate cars. Defendant continued by stating that Garcia drove a

11 | brown Chevy van and would cross at the same time as Defendant. However, records checks

12 | revealed that no such vehicle crossed within 5 minutes of Defendant's crossings. Defendant

13 | further stated that on this occasion, Garcia drove the brown van through the lane to his right (lane

14 | #10) after Garcia switched lanes at the last minute. However, lane #10 is a SENTRI lane where

15 | it is reserved for vehicles with SENTRI passes and it cannot be entered near the primary inspection

16 | areas as it is walled off from the other lanes.

## II

## ARGUMENT

### A.    Discovery/Brady Information

To date, the Government has delivered 38 pages of discovery. The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward. To date, the Government has received no reciprocal discovery.

---

[1]    This date is actually 3 days BEFORE Defendant said he arrived in Mexico.

1    As to exculpatory information, the United States is aware of its obligations under Brady

2    v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will

3    comply.  The United States will also produce any evidence of bias/motive, impeachment or

4    criminal investigation of any of its witnesses of which it becomes aware.  An inquiry pursuant to

5    United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

6    The United States will provide a list of witnesses in its trial memorandum.  The grand jury

7    transcript of any person who will testify at trial will also be produced.

8    The United States has provided information within its possession or control pertaining to

9    the prior criminal history of Defendant.  If the Government intends to offer any evidence under

10    Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to the Defendant.

11    The United States will produce any reports of experts that it intends to use in its case-in-

12    chief at trial or such reports as may be material to the preparation of the defense.  In view of the

13    above-stated position of the United States concerning discovery, it is respectfully requested that

14    no orders compelling specific discovery by the United States be made at this time.

15    _____The only piece of outstanding discovery is the DEA-7 which will be produced as soon as

16    Government counsel receives it.

17    **B.    Leave to File Further Motions**

18    The Government does not oppose Defendant's request to file further motions if based on

19    newly produced discovery.

20    **III**

21    **UNITED STATES' MOTIONS**

22    **A.    Government's Motion for Reciprocal Discovery**

23    **1.    Rule 16(b)**

24    Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for

25    discovery and the Government has already voluntarily complied with the requirements of Federal

26

27

28    4                                    07CR3220-IEG

1   Rule of Criminal Procedure 16(a).  Therefore, Rule 16(b) should presently be determined to be

2   operable as to Defendant.

3        The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the

4   Government to inspect, copy, and photograph any and all books, papers, documents, photographs,

5   tangible objects, or make copies of portions thereof, which are within the possession, custody, or

6   control of Defendant and which she intends to introduce as evidence in her case-in-chief at trial.

7   The Government further requests that it be permitted to inspect and copy or photograph any results

8   or reports of physical or mental examinations and of scientific tests or experiments made in

9   connection with this case, which are in the possession or control of Defendant, which she intends

10  to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant

11  intends to call as a witness.  The Government also requests that the Court make such orders as it

12  deems necessary under Rule 16(d)(l) and (2) to insure that the Government receives the discovery

13  to which it is entitled.

14                          **2.    Rule 26.2**

15       Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all

16  witnesses, except any statement of Defendant.  The rule provides for the reciprocal production of

17  Jencks statements.  The time frame established by the rule requires the statement to be provided

18  after the witness has testified, as in the Jencks Act.  Therefore, the Government hereby requests

19  that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date

20  before trial to be set by the Court.  This order should include any form these statements are

21  memorialized in, including, but not limited to, tape recordings, handwritten or typed notes, and/or

22  reports.

23

24

25

26

27

28
                                5                              07CR3220-IEG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV

## <u>CONCLUSION</u>

For the above stated reasons, the Government respectfully requests that Defendant's motions be denied, and the Court grant the United States' motion.

DATED:        January 2, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/Alessandra P. Serano
ALESSANDRA P. SERANO
Assistant United States Attorney

6

07CR3220-IEG

1

UNITED STATES DISTRICT COURT

2

SOUTHERN DISTRICT OF CALIFORNIA

3    UNITED STATES OF AMERICA,          )          Case No. 07CR3220-IEG
                                        )
4                   Plaintiff,          )
                                        )
5              v.                       )
                                        )          CERTIFICATE OF SERVICE
6    JOSE VILLALOBOS,                   )
                                        )
7                   Defendant.          )
     _____)

8

IT IS HEREBY CERTIFIED THAT:

9

10         I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen
     years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-
     8893.

11

12         I am not a party to the above-entitled action.  I have caused service of United States'
     Response and Opposition to Defendant's Motions on the following parties by electronically filing
     the foregoing with the Clerk of the District Court using its ECF System, which electronically
13   notifies them.

14         David Baker, Esq.
           419 19th Street
15         San Diego, CA 92102

16

17         I declare under penalty of perjury that the foregoing is true and correct.

18         Executed on January 2, 2008.

                                             s/Alessandra P. Serano
19                                           ALESSANDRA P. SERANO

20

21

22

23

24

25

26

27

28